FILED

08 MAR 27 AM 8: 33

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:           DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CRAIG LANSER,

                                Plaintiff,

        vs.

DAVID A. BLACKBURN, et. al.,

                                Defendants.

CASE NO. 08-CV-0516 W (LSP)

**ORDER (1) DENYING IN FORMA PAUPERIS MOTION (Doc. No. 2); (2)DENYING APPOINTMENT OF COUNSEL MOTION (Doc. No. 3) and; DISMISSING COMPLAINT (Doc. No. 1)**

On March 24, 2008 Plaintiff Craig Lanser ("Plaintiff"), proceeding *pro se*, commenced this action against Defendants David A. Blackburn, et. al. alleging retaliation and employment discrimination. (Doc. No. 1.) Plaintiff now seeks *in forma pauperis* ("IFP") status and appointment of counsel. (Doc. Nos. 2, 3.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion, **DENIES** Plaintiff's request for appointment of counsel, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need

08cv0516W

1 not be completely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de

2 Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C.

3 § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because

4 of his poverty pay or give security for costs ... and still be able to provide himself and

5 dependents with the necessities of life." Id. at 339. At the same time, however, "the

6 same even-handed care must be employed to assure that federal funds are not

7 squandered to underwrite, at public expense, ... the remonstrances of a suitor who is

8 financially able, in whole or in material part, to pull his own oar." Temple v.

9 Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

10       District courts, therefore, tend to reject IFP applications where the applicant can

11 pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v.

12 Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), vacated in part on other grounds, Olivares

13 v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse

14 discretion in requiring partial fee payment from prisoner with $14.61 monthly salary

15 and $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal.

16 1995) (Plaintiff initially permitted to proceed in forma pauperis, later required to pay

17 $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130

18 (E.D. Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of

19 $450 and the magistrate correctly determined that this amount was more than sufficient

20 to allow the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the

21 affiant's poverty must be stated "with some particularity, definiteness, and certainty."

22 United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

23       Having read and considered the papers submitted, the Court finds that based on

24 the current record, Plaintiff has failed to meet 28 U.S.C. § 1915's requirements for IFP

25 status. Plaintiff's appointment of counsel application establishes that his wife receives

26 a monthly income of $4000. (AOC Mot. 5.) Although Plaintiff lists $10,000 in credit

27 card debt, he lists a MasterCard monthly payment of $700 and a gas bill of $400. (AOC

28 Mot. 7.) Plaintiff has provided no evidence that these high expenditures can not be

1  trimmed by a lower monthly payment or greater reliance on public transport.

2      Although Plaintiff has nearly nothing in his checking account, he owns an un-

3  financed luxury car and lists no dependants and no debts or current obligations. (*IFP*

4  *Mot.* 2–3; *AOC Mot.* 5–6.)  Based on these facts, Plaintiff has failed to establish with

5  any specificity that paying the court filing fees would impair his ability to obtain the

6  necessities of life. <u>Adkins</u>, 335 U.S. at 339.

7      Accordingly, the Court **DENIES** Plaintiff's application to proceed *in forma*

8  *pauperis* without prejudice, and **DISMISSES** Plaintiff's Complaint **WITHOUT**

9  **PREJUDICE** and with leave to amend.  Plaintiff shall have until <u>**April 28, 2008**</u> to

10  reinstate this case by (1) paying the $350 filing fee <u>or</u> submitting an amended IFP

11  application, **and** (2) filing a First Amended Complaint.[1]  Plaintiff is advised that failure

12  to meet either of these requirements may cause the termination of his case without

13  further leave to amend.  In light of the foregoing, Plaintiff's motion to appoint counsel

14  is **DENIED** as moot.

15

16      **IT IS SO ORDERED.**

17

18

19  **DATE: March 25, 2008**      _____

20                                    HON. THOMAS J. WHELAN
                                     United States District Court
21                                    Southern District of California

22

23

24

25

26

27
    _____

28      [1]Additionally, after a cursory review of Plaintiff's Complaint, the Court suggests that, should Plaintiff choose to re-file, he include more detailed allegations than what he has previously submitted.